UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY M. HAYNES,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN HANSON, et al.,<br><br>Defendants. | Case No. 11-cv-05021-JST<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 22 & 29. |

Plaintiff Gregory M. Haynes has brought a complaint against San Francisco City Attorney Dennis Herrera, Deputy City Attorneys Joanne Hoeper and Daniel Zaheer, federal courtroom deputy Brenda Tolbert, U.S. Marshal Christian Hanson, and court security personnel Philip Coughlin, Moseh Oberstein and Doe Almaraz (collectively, "Defendants"), alleging that Defendants violated his rights under the First, Fourth, and Fourteenth Amendments in connection with a October 8, 2009 incident in the federal courthouse in San Francisco.[1] Defendants Herrera, Hoeper and Zaheer (collectively, the "Municipal Defendants") move to dismiss the complaint on the grounds that the claims against them are barred by *res judicata*. Dkt. No. 22, Motion to Dismiss Defendants Dennis J. Herrera, Joanna Hoeper, and Daniel Zaheer ("Mun. Defts.' Mot.") The remaining Defendants (collectively, the "Federal Defendants") move to dismiss because Defendant Tolbert is entitled to quasi-judicial immunity, because Plaintiff has not served Defendants Tolbert, Coughlin and Almaraz, and because the complaint fails to state a claim,

---

[1] Plaintiff also names "Lieutenant Daniel Murphy" of the San Francisco Police Department in his complaint. Complaint, 1:20. It appears from the Municipal Defendants' Motion to Dismiss that Plaintiff may have be referring to Lieutenant Daniel Mahoney, but Plaintiff has neither properly named him as a defendant nor served him with the summons and complaint. Therefore, the Court does not consider Plaintiff's allegations against "Murphy" in this order.

particularly but not exclusively because of the heightened standard that applies to defendants with qualified immunity. Dkt. No. 29, Federal Defendants' Motion to Dismiss ("Fed Defts.' Mot.").

Having considered the papers and the arguments presented at the hearing, the Court now GRANTS both motions to dismiss. The complaint is DISMISSED WITH PREJUDICE insofar as it asserts claims against the Municipal Defendants and Defendant Tolbert. The complaint is dismissed WITHOUT PREJUDICE insofar as it asserts claims against the remaining Defendants.

## I. BACKGROUND

### A. Factual Background[2]

Plaintiff, an attorney, represented plaintiffs bringing a civil rights action against the City of San Francisco ("the City") and certain municipal officials in 2009. 3:08-cv-3791-SC, Dkt. No. 1.[3] On October 8, 2009, Plaintiff attended a hearing before Magistrate Judge Marie-Elena James to show cause why he should not be sanctioned for failing to comply with court orders and discovery requests in that case. Id., Dkt. Nos. 61, 70-71. Defendant Zaheer defended the City in that action, and attended the October 8 hearing. Id.

For purposes of this motion to dismiss, the court assumes the following facts, pursuant to the allegations of plaintiff's complaint. On the date of the hearing, Defendant Zaheer falsely reported to Defendant Tolbert that Plaintiff had assaulted Zaheer. Dkt. No. 1, Complaint, 1:25-26. Without saying anything to Plaintiff, Defendant Tolbert sought out Defendant Hanson's assistance. Id., 1:26-27; see also Dkt. No. 44, Points and Authorities in Opposition to Motion to Dismiss ("Opp. to Fed. Defts."), 2:14-15. Defendants Hanson, Coughlin, Oberstein and Almaraz detained Plaintiff and took statements. Complaint, 2:7-8, 2:12-14. Defendant Almaraz took Plaintiff's briefcase and "attempted" to search it. Id., 2:15-16. Plaintiff alleges that Defendant

---

[2] While Plaintiff has signed the complaint "in pro per," he is an attorney. Complaint, 2:6. Therefore, the Court does not apply the liberal standard for construing pro se submissions drafted by non-lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

[3] A court may take judicial notice of "matters of public record", which includes pleadings and orders in another action." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see also United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases..."). The Court therefore grants Defendants' Request for Judicial Notice ("RJN") of the records of this and other court proceedings. Dkt. No. 23.

United States District Court
Northern District of California

Almaraz used force by "taking his [sic] twisting it back, in part, in order to take plaintiff's briefcase to search." Id., 4:16-18. Plaintiff was then forced to leave the courthouse. Id., 2:21.

Defendants Zaheer, Herrera and Hoeper ratified and approved the filing of a police report regarding the incident, claiming that Plaintiff had assaulted and threatened Defendant Zaheer. Id., 3:7-12. Plaintiff alleges that all three knew or should have known that the report was false, and filed it to retaliate against Plaintiff for bringing lawsuits against the City. Id., 3:3-5, 3:20-25.

Plaintiff claims throughout his complaint that the Defendants' actions were "motivated by unlawful racial discrimination" or "based on race." See, e.g., id., 2:23-24 & 4:15. Plaintiff provides no specific facts to support his contention that the properly named defendants were motivated by racial animosity, beyond his assertion that the defendants were aware of the race of the parties involved. See, e.g., id., 1:28. "[N]aked assertions" and "conclusory statements" do not qualify as well-pled factual allegations. See Ashcroft v. Iqbal, 556 U.S. 628, 678 (2009). Therefore, the Court does not presume that these and other similarly conclusory allegations are true.[4]

**B.  Procedural History**

Plaintiff first sued the Municipal Defendants, among others, in San Francisco Superior Court on October 15, 2010. CGC-10-405665. He brought numerous causes of action, alleging, among other claims, that the Municipal Defendants had slandered and libeled him by filing the allegedly false police report. Id., Complaint for Battery, Slander, Libel, Invasion of Privacy, Intentional and Negligent Infliction of Emotional Distress, Violation of Emotional Distress ("State Court Complaint"), 2:17-25 & 4:1-14. On February 28, 2011, the Superior Court granted a special motion to strike all of the causes of action except Plaintiff's battery allegation, pursuant to California's anti-SLAPP ("Strategic Lawsuit Against Political Participation") statute, Cal. Civ. Pro. § 425.16. Id., Order Granting Defendants' Special Motion to Strike Pursuant to Code of Civil Procedure § 425.16, and Awarding Attorney's Fees ("anti-SLAPP order"). Final judgment was entered on March 27, 2011 and served on Plaintiff four days later. Id., Judgment in Favor of

---

[4] This applies, for example, to Plaintiff's conclusory statement that Defendant Almaraz "used excessive and unreasonable force." Complaint at 2:19.

Defendants Joanne Hoeper, Scott Wiener, Daniel Mahoney, Dennis J. Herrera, Sean Connolly, and Andrew Gschwind After Grant of Special Motion to Strike Under Code of Civil Procedure; Notice of Judgment in Favor of Defendants Joanne Hoeper, Scott Weiner, Daniel Mahoney, Dennis J. Herrera, Sean Connolly, and Andrew Gschwind After Grant of Special Motion to Strike Under Code of Civil Procedure.

Plaintiff brought the instant action on October 11, 2011. Dkt. No. 1. In it, he claims that the Municipal Defendants violated his rights under the First and Fourteenth Amendments by filing and ratifying a false police report to retaliate against him for bringing claims against the City. Complaint, 4:21. He also claims that the Federal Defendants subjected him to "[u]nreasonable [d]etention, and [s]eizure" in violation of his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution. Complaint, 4:3. He also seeks injunctive relief barring the City from engaging in the unlawful activity he alleges and he also "seeks an order" barring the City Attorney's Office form representing the City and certain City employees whenever Plaintiff represents plaintiffs suing the City. Complaint, 6:17.[5]

## II. MOTIONS TO DISMISS

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Dismissal is also proper where the complaint alleges facts that demonstrate that the complaint is barred as a matter of law. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990); Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

For purposes of a motion to dismiss, "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiffs' obligation to provide the

---

[5] The Court will construe this request for an order as a request for injunctive relief that is predicated on the Court concluding that the Municipal Defendants violated Plaintiff's constitutional rights for filing a false police report.

4

1 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a
2 formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly,
3 550 U.S. 544, 555 (2007). "To be entitled to the presumption of truth, allegations in a complaint
4 or counterclaim may not simply recite the elements of a cause of action, but must contain
5 sufficient allegations of underlying facts to give fair notice and to enable the opposing party to
6 defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) cert. denied, 132 S.
7 Ct. 2101 (U.S. 2012). "The factual allegations that are taken as true must plausibly suggest an
8 entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the
9 expense of discovery and continued litigation." Id. To survive a motion to dismiss, a pleading
10 must allege "enough fact to raise a reasonable expectation that discovery will reveal evidence" to
11 support the allegations. Twombly, 550 U.S. at 556.

### A. City Defendants' Motion to Dismiss

The City Defendants move to dismiss on the grounds that Plaintiff's claims against them are barred by *res judicata*.

#### 1. Legal Standard

The doctrine of *res judicata*, or claim preclusion, "prohibits a second suit between the same parties on the same cause of action." Boeken v. Phillip Morris, 48 Cal.4th 788, 792 (2010). "A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Under California law, the party asserting claim preclusion must show that: (1) the prior action resulted in an adjudication on the merits; (2) the adjudication was final; and (3) the current dispute involves the same "claim" or "cause of action." Kay v. City of Rancho Palos Verdes, 504 F.3d 803, 808 (9th Cir. 2007).

#### 2. Discussion

Turning to the first element of the Kay test, supra, the court finds that the Anti-SLAPP Order was an adjudication on the merits.

> In deciding the question of potential merit [in an anti-SLAPP motion], the trial court considers the pleadings and evidentiary submissions of both the plaintiff and the defendant; though the court

> does not weigh the credibility or comparative probative strength of competing evidence, it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim.

Cole v. Patricia A. Meyer & Associates, APC (2012) 206 Cal. App. 4th 1095, 1104-05 (citations omitted). Moreover, "[t]he plaintiff's cause of action needs to have only minimal merit to survive an anti-SLAPP motion." Id. at 1105. Thus, where a court grants an anti-SLAPP motion because plaintiff cannot meet this threshold, the court is concluding that plaintiff's claim lacks even minimal merit. Given the foregoing, it is not surprising that California courts have recognized that an anti-SLAPP order involves "consideration of the substantive merits of the plaintiff's complaint." Traditional Cat Ass'n, Inc. v. Gilbreath, 118 Cal. App. 4th 392, 398 (2004); see also Finander v. Eskanos & Adler, 255 F. App'x 192, 192-93 (9th Cir. 2007) (unpublished) (holding explicitly that an anti-SLAPP order is an adjudication "on the merits" for claim preclusion purposes).[6]

In this case, the state court found, after examining the evidence, that Plaintiff had "failed to establish a probability that he will prevail on the merits" of his claims regarding the allegedly false police report. Anti-SLAPP Order, 2:12-13. The Court concludes that the granting of the anti-SLAPP motion was an adjudication on the merits.

The court need not discuss the second element of the Kay test in detail. Under California law, since entry of judgment was served in May 2011, the judgment became final in July 2011. See Cal. Rule of Court 8.104(a)(1)(b) (time to appeal is sixty days from service of judgment). The element of finality is also satisfied.[7]

The remaining question is whether the current federal suit involves the same "claim" or "cause of action" as the prior state one. "Claim preclusion bars any "lawsuits on 'any claims that

---

[6] Other areas of California law are consistent with this rule. Even a judgment on the pleadings or an order sustaining a demurrer is an adjudication for purposes of claim preclusion. Morris v. County of Tehama, 795 F.2d 791, 794 n.3 (9th Cir. 1986).

[7] Plaintiff claims that he may still have an opportunity to appeal his later-dismissed battery claim. Opp to Mun. Defts., 8:15-20. This does not change the fact that judgment regarding the allegedly false police report is now final.

were raised or could have been raised' in a prior action." Providence Health Plan v. McDowell, 385 F.3d 1168, 1173-74 (9th Cir. 2004) (quoting Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir.2002)). Under California's "primary rights doctrine," a plaintiff that has already litigated claims arising out of a "particular injury" is barred from later asserting other claims or seeking other remedies arising from that same particular injury. Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 904 (2002). The instant action and the state court action both involve the same "particular injury" — the Municipal Defendants' filing of the allegedly false police report. Therefore, Plaintiff's complaint involves the same "claim" or "cause of action" under California's claim preclusion doctrine.[8] Plaintiff could have brought any federal claims arising out of the allegedly false police report in the state court proceeding. When a party's claim is precluded from relitigation under state law, the party cannot bring a Section 1983 action in federal court to vindicate federal rights arising out of those same claims. Migra, 465 U.S. at 83-85.

Plaintiff argues that Defendant Zaheer cannot invoke claim preclusion because Zaheer did not join in the anti-SLAPP motion to strike.[9] Opp. to Mun. Defts., 7:7-17. However, *res judicata* protects both parties who obtained a favorable judgment as well as those in privity with those parties. Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 896 (2002). "In the context of a res judicata determination," privity exists, *inter alia*, where there is "such an identification in interest of one person with another as to represent the same legal rights." Consumer Advocacy Group, Inc. v. ExxonMobil Corp., 168 Cal. App. 4th 675, 689 (2008). Defendant has the same legal rights with regard to the allegedly false police report as Defendants Herrera and Hoeper, and all three defendants are strongly identified as having the same interests as each other in that action.

---

[8] Plaintiff claims that his federal claims do not deal with the same issues actually litigated in the state court proceeding. Dkt. No. 33, Opposition to Motion to Dismiss ("Opp. to Mun. Defts."), 3:23-4:20. Even if this claim were true, it would be relevant only to issue preclusion and not claim preclusion. Defendants' motion does not raise the question of issue preclusion.

[9] One of the reasons Zaheer presumably did not join in the motion to strike is that plaintiff had failed to serve him. CGC-10-405665, Order Dismissing Defendants City and County of San Francisco, Daniel Zaheer and Does 1 to 30; Order to Show Cause for Failure to File Proof of Service and Obtain Answer(s) or Enter Default(s) against Defendant(s) City and County of San Francisco, and Daniel Zaheer, and Does 1-30.

7

Therefore, Defendant Zaheer is privy to the parties who obtained the anti-SLAPP order and is protected by claim preclusion.

All three elements of claim preclusion are present. Plaintiff's complaint against the Municipal Defendants is barred by *res judicata*. Since the complaint is barred as a matter of law, the Court GRANTS the Municipal Defendants' Motion to dismiss Plaintiff's second and third causes of action.

**B.     Federal Defendants' Motion to Dismiss**

The Federal Defendants move to dismiss the complaint against Defendant Tolbert because she enjoys quasi-judicial immunity from suit. Fed. Defts.' Mot., 10:28. They also argue that the complaint fails to state a claim of any constitutional violation, and that even if it did it would not be a constitutional violation that is so "clearly established" to overcome the Federal Defendants' qualified immunity from suit. Id., 12:6, 19:6, 21:10 & 23:11. Finally, the Federal Defendants move to dismiss the complaint because Plaintiff has failed to properly serve them.[10] Id., 18:14, 23:4 & 25:4.

    **1.     Quasi-Judicial Immunity**

        **a.     Legal Standard**

Clerks of court have absolute immunity when performing quasi-judicial functions. Moore v. Brewster, 96 F.3d 1240, 1244-45 (9th Cir. 1996) (superseded by statute on other grounds). Quasi-judicial functions include coordinating court proceedings and assisting a judge as part of the judicial process. Id. at 1245.

        **b.     Discussion**

Defendant Tolbert was acting in her capacity as a clerk of the court at the time of the incident. It falls within the ambit of a "quasi-judicial" function for a courtroom deputy, immediately after a hearing at which she was assisting a judge, to summon the assistance of a marshal after receiving a report of an assault in a federal courthouse. Notifying security personnel

---

[10] As discussed at II-B-3-b, infra, Plaintiff has subsequently served some of the Federal Defendants.

8

of potential security issues in the courthouse is part of a clerk's role in coordinating court proceedings.[11] Defendant Tolbert therefore enjoys absolute immunity for the actions she is alleged to have taken in the complaint, even construing those allegations in the light most favorable to plaintiff,[12] and Plaintiff's claim against Defendant Tolbert will be dismissed on that basis.

### 2. Failure to State a Claim/Qualified Immunity

#### a. Legal Standard

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The Plaintiff bears the burden of showing that a right is clearly established. Sorrels v. McKee, 290 F.3d 965, 969 (9th Cir. 2002). To be clearly established, a right must be sufficiently clear such "that every 'reasonable official would [have understood] that what he is doing violates that right.'" Reichle v. Howards, 132 S. Ct. 2088, 2093 (2012) (quoting Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2078 (2011)).

#### b. Discussion

Even assuming that Defendant Tolbert were not immune from suit, Plaintiff's complaint fails to allege sufficient facts to show that she subjected him to an unreasonable seizure, or even that she detained him at all. Plaintiff states that after Defendant Zaheer reported that he had been assaulted, Defendant Tolbert "said nothing" and then exited the courtroom in search of a marshal. Opp. to Fed. Defts., 2:10-15. These facts do not establish that Defendant Tolbert used physical force or a show of authority which would make a reasonable person feel they were not free to leave. These elements are required to establish that Defendant Tolbert "detained" Plaintiff. See United States v. Mendenhall, 446 U.S. 544, 551-554 (1980). Therefore, the facts as pled fail to

---

[11] Even Plaintiff acknowledges that Defendant Tolbert was "using her authority as the clerk of the chief [Magistrate Judge]" at the time of incident. Opp. to Fed. Defts., 3:19 & 5:3-4.

[12] As Defendants point out, judicial immunity extends even to allegedly malicious or corrupt actions. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). There is no evidence of any such improper purpose here, however.

state a claim of a Fourth Amendment violation, and they certainly fail to establish that Defendant Tolbert violated any "clearly established right."

Defendants Hanson, Coughlin, Oberstein and Almaraz did detain Plaintiff. Complaint, 1:25-2:11. An officer may "seize" a person for a brief, investigatory stop when supported by a reasonable belief that the person had engaged in criminal conduct. Terry v. Ohio, 392 U.S. 1, 20-22 (1968). Here, the officers acted on a report from a courtroom deputy that Plaintiff had assaulted Defendant Zaheer. Complaint, 1:26-28.

The complaint argues that temporarily detaining Plaintiff on this basis was unreasonable because these defendants did not witness the alleged assault. Id., 2:7. A law enforcement officer need not have witnessed a crime before conducting a Terry stop. An officer need only act on the basis of "specific and articulable facts" leading to a conclusion that criminal activity is afoot. Terry, 392 U.S. at 20. Defendant Tolbert's report that Plaintiff had assaulted Defendant Zaheer, and Defendant Zaheer's confirmation, satisfies that standard. See, e.g., United States v. Basher, 629 F.3d 1161, 1165 (9th Cir. 2011) (upholding the constitutionality of a Terry stop even on the basis of anonymous tips that shots had been fired from the general vicinity where detainees were found). Therefore, the average officer could not have been expected to conclude that temporarily detaining Plaintiff under these circumstances would violate Plaintiff's clearly established rights.

Finally, Plaintiff alleges that Defendant used "excess force upon the plaintiff by taking his [sic] twisting it behind his back, in part, in order to take plaintiff's briefcase to search." Complaint, 4:16-18. The Federal Defendants do not respond to this contention in either their motion to dismiss or their reply. In order to consider an excessive force violation under the Fourth Amendment, a court must be able to "consider 'the type and amount of force inflicted'" in conducting a seizure. Jackson v. City of Bremerton, 268 F.3d 646, 651-52 (9th Cir. 2001) (quoting Chew v. Gates, 27 F.2d 1432, 1440 (9th Cir. 1994). "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment." Graham v. Connor, 490 U.S. 386, 396 (1989) (quoting Johnson v. Glick, 481 F.2d. 1028, 1033 (2nd Cir. 1973)). The complaint's short, unclear description of Defendant Almaraz's action is

1  insufficient to support a claim that the defendant used an unreasonable amount of force under the
2  circumstances, especially given Plaintiff's eventual burden to establish that the force used was an
3  amount "every reasonable officer would have known" violated Plaintiff's rights under the
4  circumstances.[13]

### 3. Failure to Serve

#### a. Legal Standard

When attempting to sue a federal employee for actions taken in connection with federal duties, a plaintiff must serve the United States and separately serve the individual employee. Fed. R. Civ. Pro. 4(i)(3). If a plaintiff fails to properly serve a defendant within 120 days after the complaint is filed, a federal court "must dismiss the action" unless the plaintiff "shows good cause for the failure." Fed. R. Civ. Pro. 4(m).

#### b. Discussion

Plaintiff concedes that he has not served Defendants Tolbert and Coughlin, seventeen months after filing his complaint. Opp. to Fed. Defts., 11:13-17. After the Federal Defendants filed their motion to dismiss, Plaintiff served Defendants Hanson and Oberstein, and in their reply brief, Federal Defendants did not continue to argue that the Court should dismiss the complaint against those Defendants on this ground. Federal Defendants' Reply Brief in Support of Motion to Dismiss, 9:13-15 & 11:19-23. On March 2, 2013, after the Federal Defendants filed their reply brief, Plaintiff served Defendant Almaraz. Dkt. No. 49. Since Plaintiff has also served the Attorney General and U.S. Attorney, Rule 4(i) has now been satisfied as to Defendant Almaraz. See Dkt. No. 38.

Plaintiff did not move to extend the time to serve these defendants before the 120-day period expired. He now makes such a request for the first time, not as a motion but only in his opposition to the Federal Defendant's motion to dismiss. 11:19-20. Plaintiff's excuse for not

---

[13] Plaintiff's first cause of action is for "unreasonable detention and seizure" under the Fourth Amendment, and not for unreasonable search. Complaint, 4:5. Therefore, while the Federal Defendants have argued that any search would have been constitutional, the Court does not reach that question.

serving these defendants -- that he was "concerned" and "reluctant" about serving federal judicial employees while subject to disciplinary proceedings before judicial officials -- does not constitute good cause. Id. at 13:11-24.[14]

The Court has considered the possibility that Plaintiff might suffer prejudice if this Court dismisses his suit for failure to serve and the statute of limitations expires on his claim. See Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009). However, since failure to serve is only one of the reasons supporting the dismissal of Plaintiff's complaint, Plaintiff will not lose any claims that he would not lose anyway. The Court has also considered the fact that Defendants Tolbert and Coughlin's attorneys have actual notice of the suit, and that the Defendants would likely suffer little prejudice if the complaint were not dismissed. See In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001). Balanced against this are the facts that (1) Plaintiff's proferred excuse for his failure to serve these defendants is his inability to locate them, but he has neither been diligent in trying to locate them nor attempted any method of service other than personal service and (2) this Court has ordered Plaintiff to complete service on several occasions and he has failed to do so, even after assuring the Court that service was underway. Dkt Nos. 16, 18, 20 & 24. The Court even specifically warned Plaintiff that the Court was inclined to dismiss his claim if he failed to complete service by January 4, 2013. Dkt. No. 24. Under these circumstances, Plaintiff has not demonstrated the "good cause" that would require this Court to refrain from dismissing his claim. Therefore, the Court now dismisses the Complaint as to Defendants Tolbert and Coughlin for failure to serve.

Although the Court may have also have discretion to dismiss Plaintiff's complaint against Defendants Hanson, Oberstein and Almaraz for failure to serve within the 120-day period, the Court declines to do so. Any such dismissal would be "without prejudice." Fed. R. Civ. Pro. 4(m). Since Plaintiff has now served these Defendants, it would be an empty gesture to dismiss the complaint on these grounds.

---

[14] Plaintiff also argues that he is currently subject to disciplinary proceedings before a federal judicial committee of the Northern District, and that the committee experienced difficulty serving *him* in that action. Id. at 12:17-13:10. These facts, even if true, are irrelevant to the present motion.

12

**C. DISMISSAL WITH PREJUDICE**

**1. Legal Standard**

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on *de novo* review that the complaint could not be saved by amendment." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "A district court may deny a plaintiff leave to amend if it determines that "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

**2. Discussion**

It is clear from judicially noticeable court records that Plaintiff's claims against the Municipal Defendants are barred by *res judicata* as a matter of law. Nothing plaintiff could add to his complaint would change this fact, and therefore dismissal with prejudice is appropriate. See, e.g., Quinto v. JPMorgan Chase Bank, 2011 WL 6002599, at *8 (N.D. Cal. Nov. 30, 2011) (dismissing claim barred by *res judicata* with prejudice).

As pled, the facts establish that Defendant Tolbert was acting within her "quasi-judicial" capacity at the time of the incident. Defendant Tolbert enjoys absolute immunity for those acts as a matter of law. Moreover, even if judicial immunity did not apply, Plaintiff cannot allege additional facts consistent with his current submissions which establish that Defendant Tolbert detained him. He alleges that Defendant Tolbert merely "said nothing" to him and left the room in search of a marshal. Opp. to Fed. Defts., 2:10-15. On these facts, he cannot establish a claim that Defendant Tolbert "detained" him. Therefore, as to Defendant Tolbert, dismissal with prejudice is also appropriate.

With respect to Defendants Hanson, Coughlin, Oberstein and Almaraz, however, Plaintiff may be able to amend his complaint to allege sufficient facts to establish that he has viable claims against them, and leave to do so will be granted. While Plaintiff has yet to serve Defendant

Coughlin, dismissal for failure to serve is without prejudice. Fed. R. Civ. Pro. 4(m).

## III. CONCLUSION

Plaintiff's complaint is DISMISSED WITH PREJUDICE as to the Municipal Defendants and Defendant Tolbert. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE as to Defendants Hanson, Coughlin, Oberstein and Almaraz. The court grants Plaintiff leave to file a second amended complaint within thirty days of this order, and to properly serve Defendant Coughlin within that time. Failure to do so may result in dismissal with prejudice.

**IT IS SO ORDERED**.

Dated: April 4, 2013

_____
JON S. TIGAR
United States District Judge

14