UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY M. HAYNES,<br><br>   Plaintiff,<br><br>  v.<br><br>CHRISTIAN HANSON, et al.,<br><br>   Defendants. | Case No. 11-cv-05021-JST<br><br>**ORDER CLARIFYING THE COURT'S MAY 8 ENTRY OF JUDGMENT**<br><br>Re: ECF No. 57 |

  Upon reviewing the docket, the Court has observed that its May 8 entry of judgment failed to "expressly determine[] that there is no just reason for delay in the entry of final judgment," as required by Federal Rule 54(b) of the Federal Rules of Civil Procedure. The Court now clarifies that it intended to expressly so find.

  In entering judgment as to Defendants Tolbert, Herrera, Hoeper and Zaheer, the Court has considered whether "the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court." Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981). The Court based its dismissal on issues of *res judicata* and quasi-judicial immunity that do not apply to any other defendants in this case. See Order Granting Motions to Dismiss, ECF No. 55, at 5:12-9:5; 13:11-19. As a secondary basis for dismissing the claims against Defendant Tolbert, the Court also considered factual issues that were unique to that defendant. See id., at 9:17-10:2; 13:19-24. The dismissal also completely disposes of all claims against these particular defendants, and if upheld on appeal would make further litigation as to those parties unnecessary. See Alcan Aluminum Corp. v. Carlsberg Fin. Corp., 689 F.2d 815, 817 (9th Cir. 1982).

  Therefore, the Court hereby clarifies, *nunc pro tunc* to May 8, that it has "determined that

1  there is no just reason for delay in the entry of final judgment on this order." Fed. R. Civ. Pro.

2  54(b).

3  **IT IS SO ORDERED**.

4  Dated: July 12, 2013



_____
JON S. TIGAR
United States District Judge