UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY M. HAYNES,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTIAN HANSON, et al.,<br><br>    Defendants. | Case No. 11-cv-05021-JST<br><br>**ORDER DISMISSING ALL CLAIMS AGAINST DEFENDANT PHILIP COUGHLIN WITH PREJUDICE**<br><br>Re: ECF No. 65 |

    Plaintiff Gregory M. Haynes ("Plaintiff") has brought a complaint against numerous defendants, including courtroom security officer Philip Coughlin. ECF Nos. 1 & 56. The Court previously granted a motion to dismiss the complaint without prejudice because, *inter alia*, Plaintiff failed to serve Defendant Coughlin in accordance with Rule 4 of the Federal Rules of Procedure. ECF No. 55. Defendant Coughlin has again moved to dismiss the claims against him pursuant to Rule 4(m), and this time seeks dismissal with prejudice. ECF No. 58. Under Rule 4, dismissal for failure to serve is without prejudice, and dismissal with prejudice for failure to serve is typically undertaken under Rule 41(b) as a failure to prosecute. See Bowling v. Hasbro, Inc., 403 F.3d 1373, 1375-77 (Fed. Cir. 2005) (applying the law of the Ninth Circuit). The Court therefore set an Order to Show Cause why Plaintiff's claims against Defendant Coughlin should not be dismissed with prejudice pursuant to Rule 41(b). ECF No. 65. Plaintiff and Defendant both filed responses, ECF Nos. 66 & 67, and the Court set the matter for a July 25, 2013 hearing.[1]

    When a plaintiff sues a federal employee for actions taken in connection with federal

---

[1] Plaintiff did not appear at the hearing. Minutes before the hearing was noticed to begin at 10:00 a.m., Plaintiff called the courtroom deputy to say that he would be arriving 45 minutes late. The Court delayed the hearing until 10:45 a.m., and when the hearing concluded at 11:07 a.m., Plaintiff still had not arrived.

1  duties, the plaintiff must serve the United States and separately serve the individual employee.
2  Fed. R. Civ. Pro. 4(i)(3). If a plaintiff fails to serve a defendant in accordance within Rule 4
3  within 120 days after the complaint is filed, a federal court "must dismiss the action" unless the
4  plaintiff "shows good cause for the failure." Fed. R. Civ. Pro. 4(m). Plaintiff filed this lawsuit on
5  October 11, 2011, more than twenty months ago. He admits in his opposition papers that he still
6  has not met his obligation under Rule 4 to serve Defendant Coughlin individually. ECF No. 59, at
7  7:20-24; ECF No. 66, at 18:20.

8        Plaintiff cites no good cause to excuse this failure. He suggests, without citation to
9  authority, that Defendant is obligated to provide discovery to assist Plaintiff in personally serving
10 him, but Plaintiff has never sought discovery – or at least, sought to compel discovery – on those
11 grounds. He also argues that service should be considered effective since he has served the United
12 States, despite the plain text of Rule 4(i)(3), which also requires personal service on Defendant
13 Coughlin. Perhaps most critically, Plaintiff has submitted nothing to show that he made any effort
14 to attempt to serve Defendant Coughlin since the Court's last dismissal. For the same reasons the
15 Court discussed in its previous dismissal, there is no good cause for Plaintiff's failure to serve, and
16 dismissal is required under Rule 4(m). See ECF No. 55, at 11:12-12:20.

17       At this point, the Court must also consider whether Plaintiff's failure to serve amounts to a
18 lack of prosecution warranting dismissal with prejudice pursuant to Rule 41(b). "A Rule 41(b)
19 dismissal 'must be supported by a showing of unreasonable delay.'" Omstead v. Dell, Inc., 594
20 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.
21 1986)). "In addition, the district court must weigh the following factors in determining whether a
22 Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation;
23 (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
24 policy favoring disposition of cases on their merits and (5) the availability of less drastic
25 sanctions.'" Omstead, 594 F.3d at 1084 (quoting Henderson, 779 F.2d at 1423). Dismissal is
26 permitted "where at least four factors support dismissal, or where at least three factors 'strongly'
27 support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (internal citations omitted).
28       Plaintiff's unjustified failure to serve Defendant Coughlin, sixteen months after the Rule 4

United States District Court
Northern District of California

deadline, qualifies as "unreasonable delay." In addition, four of the five Henderson factors strongly support dismissal. "The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Second, the Court cannot expeditiously resolve this case and manage its docket as a whole if progress is stalled due to a plaintiff's unilateral failure to fulfill its very first obligation in prosecuting a civil action: serving the defendants in the case.

As for the third Henderson factor, "[w]hether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987). If a party fails to show any non-frivolous excuse for delay, this "factor weighs in favor of dismissal regardless of whether the defendants have shown any actual prejudice." Hernandez, 138 F.3d at 401 (9th Cir. 1998). Here, as discussed *supra*, Plaintiff's excuses for delay are frivolous. Moreover, this action revolves entirely around an altercation which occurred nearly four years ago. "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). Given the nature of this case, and the excessive delay in effecting service, Defendant Coughlin risks both presumptive and actual prejudice if the claims against him are not dismissed.

The fourth Henderson factor normally weighs strongly against dismissal. See, e.g., Hernandez, 138 F.3d at 399. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." In re Phenylpropanolamine Products Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006). "[T]his factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. (quoting In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996)). If the fourth Henderson factor weighs against dismissal, it does so very lightly.

Finally, the Court has on numerous occasions attempted sanctions short of dismissal when faced with Plaintiff's repeated failures to serve, and has "warn[ed] the plaintiff that dismissal is imminent." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). The Court set an Order to Show

Cause why the claims should not be dismissed for failure to prosecute in September 2012. ECF No. 16. In response to Plaintiff's claims that service was underway, the Court set a compliance date, and then extended the date again when Plaintiff again failed to meet it. See ECF Nos. 20 & 24. The Court specifically warned Plaintiff that the Court was inclined to dismiss the claims against unserved defendants if he failed to serve them by January 4, 2013. ECF No. 24. In its dismissal order, the Court again granted Plaintiff leave to properly serve Defendant Coughlin within thirty days, and stated that "[f]ailure to do so may result in dismissal with prejudice." And even when Plaintiff again failed to follow the Court's order to serve Defendant Coughlin, the Court did not dismiss the claim at that point but instead set the matter for an Order to Show Cause to remove any doubt that dismissal with prejudice was imminent, and to provide a final opportunity for compliance.[2]

The record amply supports dismissal with prejudice pursuant to Rule 41(b). The Court hereby DISMISSES all claims against Defendant Coughlin WITH PREJUDICE.

**IT IS SO ORDERED**.

Dated: July 26, 2013

_____
JON S. TIGAR
United States District Judge

---

[2] Because Plaintiff is an attorney experienced in prosecuting this type of case, it is unclear whether he qualifies for the liberal standards that courts apply to *pro se* litigants even though he represents himself. Out of an abundance of caution, however, the Court has clearly explained the deficiencies in Plaintiff's service of Defendant Coughlin in its prior orders, as it would with any *pro se* litigant. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).