UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY M. HAYNES,

    Plaintiff,

    v.

CHRISTIAN HANSON, et al.,

    Defendants.

Case No.  11-cv-05021-JST

**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT AND DENYING MOTION TO STRIKE**

Re: ECF No. 58

Defendants Christian Hanson and Moseh P. Oberstein (the "Moving Defendants"[1]) have moved to dismiss Plaintiff Gregory M. Haynes' ("Plaintiff") First Amended Complaint, and to strike Plaintiff's prayer for punitive damages.  ECF No. 58.  Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the matter suitable for disposition without oral argument, and hereby VACATES the hearing currently scheduled for September 5, 2013.

## I.    BACKGROUND

### A.    Factual History

Plaintiff, an attorney, represented plaintiffs bringing a civil rights action against the City of San Francisco ("the City") and certain municipal officials in 2008 and 2009.  Landry v. City and County of San Francisco, Case No. 3:08-cv-3791-SC, ECF No. 1 (N.D. Cal. Aug. 7, 2008).[2]   On

[1] The motion was noticed as being brought by Defendants Hanson and Oberstein, as well as by Defendants Manuel Almaraz and Philip Coughlin.  As discussed at II-B, infra, the Court construes the motion as being brought only by Defendants Hanson and Oberstein.

2 The Moving Defendants requested that the Court take judicial notice of records of two other cases before this district:  Landry v. City and County of San Francisco, Case No. 08-cv-3791-SC, and In the Matter of the Referral of Gregory M. Haynes to the Standing Committee of the United

United States District Court
Northern District of California

October 8, 2009, Plaintiff attended a hearing before Magistrate Judge Marie-Elena James to show cause why he should not be sanctioned for failing to comply with court orders and discovery requests in that case.  Id., ECF Nos. 61, 70-71.

For purposes of this motion to dismiss, the court assumes the following facts, pursuant to the allegations of Plaintiff's First Amended Complaint ("FAC").[3]  On the date of the hearing, Daniel Zaheer, an attorney representing the City, falsely reported to Judge James' courtroom deputy Brenda Tolbert Plaintiff had assaulted him.  FAC, 2:3-4.  Tolbert sought out Defendant Christian Hanson, who detained Plaintiff.  Id., 2:9.  Defendant Hanson, aided by courtroom security officers including Defendant Oberstein, continued to detain Plaintiff despite the fact that it "was immediately apparent that there was no assault."  Id., 2:11-12.  "The detention last[ed] in excess of 30 minutes."  Id., 5:30-31.

### B.     Procedural History

Plaintiff filed an initial complaint in October 2011, naming as defendants courtroom deputy Tolbert, Defendants Hanson and Oberstein, courtroom security officers Philip Coughlin and "Doe" Almaraz, San Francisco City Attorney Dennis Herrera, and Deputy City Attorneys Joanne Hoeper and Daniel Zaheer.[4]  "Initial Complaint," ECF No. 1, at 1:16-22.  The Initial Complaint brought three causes of action:  unreasonable detention and seizure under the Fourth and Fifth Amendments to the U.S. Constitution, violation of the First Amendment and Due

States District Court, Case No. 10-cv-4642-PJH.  ECF No. 58, 3:16-6:23.  Unlike with the previous motion to dismiss, Plaintiff has objected to this request.  ECF No. 59, 2:9-20.  "[A] court may take judicial notice of its own records in other cases…"  United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).  However, the Moving Defendants do not explain the purpose for which they propose that the Court take notice of these records.  Accordingly, the request is DENIED, except insofar as the Court needs to take notice of the relevant and undisputed facts regarding where the underlying incident took place and why Plaintiff and Zaheer came to interact with one another.

[3] The Court does not recite other facts in the FAC which relate to Defendants other than the Moving Defendants.

[4] Plaintiff also named "Lieutenant Daniel Murphy" of the San Francisco Police Department in his initial complaint.  Initial Complaint, 1:20.  It appears from from the FAC that Plaintiff intended to refer to Daniel Mahoney, but Plaintiff neither properly named him as a defendant nor served him in connection with the Initial Complaint.

United States District Court
Northern District of California

Process Clause, and "injunctive relief." Id., 4:3-7:8.  The Court granted separate motions to dismiss in April 2013.  Order Granting Motions to Dismiss ("Previous Order"), ECF No. 55.  The Court dismissed all claims against Defendants Herrera, Hoeper and Zaheer with prejudice since they are barred by *res judicata*.  Id., 5:12-8:6.  The Court dismissed all claims against Defendant Tolbert with prejudice since they are barred by quasi-judicial immunity, and because Plaintiff could not allege facts consistent with his submissions stating a claim against her for unreasonable detention.  Since the Initial Complaint also failed to state a claim against Defendants Hanson, Coughlin, Oberstein and Almaraz, the Court dismissed those claims without prejudice.  Finally, the Court granted Plaintiff leave to amend his complaint to "allege sufficient facts to establish that he has viable claims against" those defendants.  Id., 13:26-28.

Plaintiff timely filed an amended complaint, naming as defendants Defendants Hanson Oberstein, Almaraz, and Coughlin, as well as San Francisco Police Department officer Daniel Mahoney.  FAC, 1:21-30.  The FAC brings a cause of action for unreasonable detention and seizure against Defendants Hanson, Almaraz, Coughlin and Oberstein, a claim of excessive force against Defendant Almaraz, a First Amendment claim against Defendant Almaraz, and a First Amendement and Due Process Clause claim against Defendant Mahoney.  The U.S. Attorney filed a motion to dismiss on behalf of Defendants Hanson, Almaraz, Coughlin and Oberstein.  Defendant Mahoney has not appeared in this action, and it does not appear that he has been served.

Subsequently, the U.S. Attorney's Office informed the Court that it had not actually received authorization from Defendant Almaraz to represent him in this action.  ECF No. 72.  The Court held a hearing on the matter (at which Plaintiff failed to appear), and construed all motions brought by the U.S. Attorney as having been brought on behalf of federal defendants other Defendant Almaraz.  ECF No. 80.  The Court also dismissed all claims against Phillip Coughlin pursuant to Rule 41(b) of the Federal Rules of Civil Produre since Plaintiff has repeatedly failed to validly serve him.  ECF No. 79.

The net effect of this is that the Court construes the instant motion as being brought only on behalf of Defendants Hanson and Oberstein, and only against the single cause of action

3

1  Plaintiff alleges against those defendants: unreasonable seizure.

2      **C.**    **Jurisdiction**

3      Since Plaintiff's causes of action arise under the United States Constitution, this Court has

4  subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

5  **II.**    **MOTION TO DISMISS**

6      **A.**    **Legal Standard**

7      "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable

8  legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela

9  Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  Dismissal is also proper where the

10  complaint alleges facts that demonstrate that the complaint is barred as a matter of law.  See

11  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990); Jablon v. Dean Witter &

12  Co., 614 F.2d 677, 682 (9th Cir. 1980).

13      For purposes of a motion to dismiss, "all allegations of material fact are taken as true and

14  construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80

15  F.3d 336, 337-38 (9th Cir. 1996).  However, "[w]hile a complaint attacked by a Rule 12(b)(6)

16  motion to dismiss does not need detailed factual allegations, a Plaintiffs' obligation to provide the

17  'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

18  formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly,

19  550 U.S. 544, 555 (2007).   "To be entitled to the presumption of truth, allegations in a complaint

20  or counterclaim may not simply recite the elements of a cause of action, but must contain

21  sufficient allegations of underlying facts to give fair notice and to enable the opposing party to

22  defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), rehearing denied,

23  659 F.3d 850 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101 (U.S. 2012).   "The factual allegations

24  that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to

25  require the opposing party to be subjected to the expense of discovery and continued litigation."

26  Starr, 652 F.3d at 1216.  To survive a motion to dismiss, a pleading must allege "enough fact to

27  raise a reasonable expectation that discovery will reveal evidence" to support the allegations.

28  Twombly, 550 U.S. at 556.

### B.      Analysis

The only non-conclusory factual allegations in the Initial Complaint supporting Plaintiff's claim of unreasonable seizure were that there existed no objective facts to support an allegation of assault, and that the detaining defendants had not witnessed any incident between Plaintiff and Zaheer.  The Court dismissed this claim, since a law enforcement officer is permitted to temporarily detain an individual as long as the officer acts on "specific and articulable facts" leading to a conclusion that criminal activity is afoot.  Terry v. Ohio, 392 U.S. 1, 20 (1968).  According to the pled facts, Tolbert reported that Plaintiff had assaulted Zaheer, which more than satisfies the standard permitting a Terry stop.[5]  See, e.g., United States v. Basher, 629 F.3d 1161, 1165 (9th Cir. 2011) (upholding the constitutionality of a Terry stop even on the basis of anonymous tips that shots had been fired from the general vicinity where detainees were found).

In the SAC, Plaintiff re-asserts many of the same facts.  But he has also clarified that in addition to challenging the constitutionality of the initial detention, he also claims that "the detention was unreasonable in length."  FAC, 5:21-22.  He has also added another factual allegation in support of that claim: that the detention lasted longer than thirty minutes.  FAC, 5:30-31.

The Moving Defendants argue, without citing any authority, that "this factual allegation is insufficient to state a claim" of a Fourth Amendment violation.  Motion to Dismiss, ECF No. 58, 8:27.  In fact, however, the length of Plaintiff's detention is material to the Court's consideration of his claims.  "[T]he brevity of the invasion of the individual's Fourth Amendment interests is an important factor in determining whether the seizure is so minimally intrusive as to be justifiable on reasonable suspicion."  United States v. Place, 462 U.S. 696, 709 (1983).

The Supreme Court has established "no rigid time limitation" on detentions.  United States v. Sharpe, 470 U.S. 675, 685 (1985); see also Place, 462 U.S. at 709 ("we decline to adopt any outside time limitation for a permissible Terry stop").  On the one hand, the Supreme Court

---

[5] In the FAC, Plaintiff has also alleged that Zaheer directly confirmed to the Moving Defendants that there had in fact been some sort of incident between the two men: "Zaheer told him that Haynes had . . . [crowded] him, called him names and yelled at him."  FAC, 2:12-13.

5

1   has upheld a twenty-minute detention under some circumstances.  <u>Id.</u>  Under other circumstances,

2   the length of a 90-minute detention by itself has been enough to render the stop unconstitutional.

3   <u>See</u> <u>Place</u>, 462 U.S. at 709 ("The length of the detention of respondent's luggage alone precludes

4   the conclusion that the seizure was reasonable in the absence of probable cause.").  All that can be

5   said at this stage is that the duration of the detention is a factor to be considered in determining

6   whether it was lawful.[6]

7           Assuming, as seems likely, that a thirty-minute detention is neither *per se* permissible nor

8   *per se* unconstitutional, the constitutionality of a continued detention necessarily depends on some

9   other factor than its duration.  Namely, "[i]n assessing whether a detention is too long in duration

10  to be justified as an investigative stop, we consider it appropriate to examine whether the police

11  diligently pursued a means of investigation that was likely to confirm or dispel their suspicions

12  quickly, during which time it was necessary to detain the defendant."  <u>Sharpe</u>, 470 U.S. at 686

13  (1985); <u>see also</u> <u>United States v. Torres-Sancez</u>, 83 F.3d 1123, 1129 (9th Cir. 1996).

14          Plaintiff's allegations, which the Court must accept as true for the purposes of this motion,

15  are that after the detention began, it was immediately clear to the Moving Defendants that no

16  crime or violation had occurred, but they continued to detain Plaintiff for more than thirty minutes

17  anyway.  FAC, 2:11-19; 5:22-23.  While Defendants may later offer evidence to rebut this

18  assertion, on a motion to dismiss the Court does not determine which party has the more probable

19  explanation of the alleged facts, as long as plaintiff's explanation is not implausible.  <u>See</u> <u>Starr v.</u>

20  <u>Baca</u>, 652 F.2d at 1216-17.  Based on the allegations of the complaint alone, the Court cannot

21  determine that the Moving Defendants diligently investigated their initial suspicions after

22  detaining Plaintiff, i.e., that a detention of 30 minutes was *per se* reasonable.  Therefore, dismissal

23  is not appropriate.  <u>See</u> <u>Liberal v. Estrada</u>, 632 F.3d 1064, 1079-82 (9th Cir. 2011) (affirming

24  district court's denial of summary judgment to police officer defendants where officers detained

25  plaintiff for 45 minutes and the facts taken in light most favorable to plaintiff showed that officers

26

27  [6] As the Court noted in <u>Place</u>, the American Law Institute has recommended that a Terry stop last
    no longer than 20 minutes.  <u>Id.</u>, 462 U.S. at 709 n.10 (citing ALI, Model Code of Pre-Arraignment
28  Procedure § 110.2(1) (1975)).

1    did not diligently investigate their suspicions).

2          Nor does the Moving Defendants' claim of qualified immunity require dismissal.  "An

3    officer is entitled to qualified immunity if, '[t]aken in the light most favorable to the party

4    asserting the injury, . . . the facts alleged [do not] show the officer's conduct violated a

5    constitutional right' or if the right violated was not clearly established at the time of the violation."

6    Liberal, 632 F.3d at 1076 (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)).  To be clearly

7    established, a right must be sufficiently clear such "that every 'reasonable official would [have

8    understood] that what he is doing violates that right.'"  Reichle v. Howards, ___ U.S. ___, 132 S.

9    Ct. 2088, 2093 (2012) (quoting Ashcroft v. al-Kidd, ___ U.S. ___, 131 S. Ct. 2074, 2078 (2011)).

10   An officer's constitutional obligation to diligently investigate his initial suspicions after peforming

11   a Terry stop has long been well established.  See Sharpe, 470 U.S. at 686 (1985); see also Liberal,

12   632 F.3d at 1080 ("the legal test for deciding whether the length of a detention was unreasonable

13   in violation of the Fourth Amendment was clearly established at the time that the officers detained

14   Plaintiff" [in 2005]).  Any reasonable officer would be expected to know that, after performing a

15   Terry stop, it would violate a detainee's constitutional rights to continue to detain him for thirty

16   minutes despite it being immediately clear that no crime had occurred and without undertaking

17   any diligent investigation of the officer's initial suspicions.

18         Plaintiff has not stated a claim that the Moving Defendants violated his rights by initially

19   detaining him, and the Court will consider Plaintiff's first cause of action dismissed to the extent

20   Plaintiff argues that the initial detention violated his rights.  But whether or not the duration of the

21   detention was permissible is a conclusion that cannot be determined from the allegations of the

22   complaint on a motion to dismiss.

23   **III.    MOTION TO STRIKE**

24         The Moving Defendants move to strike the FAC's prayer for attorney's fees pursuant to

25   Rule 12(f) of the Federal Rules of Civil Procedure, on the grounds that attorney's fees are not

26   available in Bivens actions and that they are not available to a plaintiff who is representing

27   himself.  "Rule 12(f) does not authorize district courts to strike claims for damages on the ground

28   that such claims are precluded as a matter of law."  Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d

United States District Court
Northern District of California

7

970, 974-75 (9th Cir. 2010).

**IV.    ADDITIONAL CLAIMS**

In its Previous Order, the Court granted Plaintiff leave to amend his complaint to "allege sufficient facts to establish that he has viable claims against" the federal defendants. Previous Order, 13:26-28. In addition to re-asserting the same Fourth Amendment claims he previously brought against the federal defendants, Plaintiff has also added a new claim in the FAC against Defendant Almaraz (for violation of the First Amendment) and a claim against a new defendant, Daniel Mahoney. FAC, 7:5-10:7. Plaintiff did not have "the opposing party's written consent or the court's leave" to amend the complaint to add these new claims. Fed. R. Civ. Pro. 15(a)(2). The Court therefore STRIKES those new claims from the complaint.

**V.    CONCLUSION**

For the foregoing reasons, the motions are DENIED. The first and second causes of action of the First Amended Complaint are not dismissed. However, the third and fourth causes of action are STRICKEN.

**IT IS SO ORDERED.**

Dated: August 30, 2013

_____
JON S. TIGAR
United States District Judge