UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY M. HAYNES,

    Plaintiff,

    v.

CHRISTIAN HANSON, et al.,

    Defendants.

Case No. 11-cv-05021-JST

**ORDER DENYING MOTION TO AMEND**

Re: ECF No. 101

## I. INTRODUCTION

Plaintiff Gregory M. Haynes ("Plaintiff") has moved pursuant to Rule 15 of the Federal Rules of Civil Procedure to file a second amended complaint in this action.

## II. BACKGROUND

### A. Factual and Procedural History

This action involves an altercation in a hallway that allegedly occurred in October 2009. Plaintiff filed the initial complaint in this Court on October 11, 2011. ECF No. 1.

On April 4, 2013, the Court granted Defendants' motion to dismiss. ECF No. 55. The Court dismissed with prejudice all claims against the properly name San Francisco municipal government defendants (Dennis Herrera, Joanne Hoeper, and Daniel Zaheer), finding that all asserted claims were barred by *res judicata*. In that order, the Court pointed that it was not considering the claims Plaintiff asserted against Defendant "Daniel Murphy," who had not joined the motion to dismiss since he was not properly named. Id., n.1. The Court entered separate judgment against the municipal defendants, and the Court's dismissal of those claims is currently on appeal before the Ninth Circuit. ECF Nos. 57, 61 & 73.

The Court also dismissed claims against the other defendants without prejudice, and gave Plaintiff leave to file a first amended complaint ("FAC"). Plaintiff filed the FAC in May 2013.

1   ECF No. 56.  The Court denied the remaining defendants' motion to dismiss.  ECF No. 85.

2   In November 2013, the parties filed a joint case management statement in which Plaintiff stated that he "intends to amend (or seek leave to amend) the first amended complaint."  ECF No. 97.

On February 11, 2014, the Court issued a scheduling order.  ECF No. 98.  The Court noted that Plaintiff had failed to file any motion to amend in the intervening three months, and set February 28 as the deadline for any motions to amend the pleadings.

Plaintiff filed the instant motion to amend on February 28.

### B.  Legal Standard

Federal Rule of Civil Procedure 15 provides that courts should "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This "policy is 'to be applied with extreme liberality.'"  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001)).

"A court must "consider '(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint.'" Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation, N. Dakota & S. Dakota v. United States, 90 F.3d 351, 355 (9th Cir. 1996) (quoting Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990)).  "[C]onsideration of prejudice to the opposing party . . . carries the greatest weight." Eminence Capital, 316 F.3d at 1052.  "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

## III.  ANALYSIS

Plaintiff moves to amend the complaint to name the actual SFPD lieutenant he says he intended to sue, Daniel Mahoney, to add the City and County of San Francisco ("the City") as a defendant against a newly minted Monell claim, and to bring new claims against federal government defendants Christian Hanson, Moseh Oberstein and Manuel Almaraz.

Notwithstanding the extreme liberality with which courts must apply Rule 15, here nearly all of the relevant factors weigh strongly against granting leave to amend.

**A.     Undue Delay**

With regard to Defendant Mahoney, Plaintiff brings this motion more than a year after he knew that he had named the wrong defendant, and he offers no explanation for the delay. Had he not been prompted by the Court, it is not clear he would ever have sought to correct the error. Plaintiff's delay is clearly unreasonable.

As for the new claims against the City and against Defendants Hanson, Oberstein and Almaraz, "[i]n evaluating undue delay, we also inquire 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 953 (9th Cir. 2006) (quoting Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990)). The Ninth Circuit "[has] held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable." AmericasourceBergen Corp., 465 F.3d at 953 (citing Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 799 (9th Cir.1991)).

This action challenging a 2009 incident has been pending in federal court for more than three years. Most of the delay is due to Plaintiff's failure to serve the parties in this action. See, e.g., ECF Nos. 16, 20, 24 & 79. All of the actions Plaintiff seeks to challenge in his proposed second amended complaint arise from the same 2009 incident. Plaintiff does not even attempt to justify the amendments as being prompted by newly discovered facts. His amendment is merely a request to add new legal theories and causes of action stemming from the same challenged action, more than three years after he began this litigation. The delay is particularly inexcusable since Plaintiff, who is representing himself *in propia persona*, is an attorney experienced in bringing these types of actions.

Plaintiff has unduly delayed in bringing this motion, and allowing amendment at this stage of the litigation would unduly delay resolution of this case.

**B.     Prejudice**

Since the dismissal of the claims against the other municipal defendants is currently being appealed, adding Defendant Mahoney to this action at this stage poses a risk of prejudice from inconsistent rulings. Plaintiff waited to bring this motion to add Defendant Mahoney until long

3

after the Court had issued judgment in favor of Defendants Herrera, Hoeper and Zaheer. The fact that Plaintiff erred in naming Defendant Mahoney, and took no action to correct that error for almost a year, should not require the parties and the courts to simultaneously litigate the exact same *res judicata* issue in two separate forums in the same case.

As for the other defendants, while their claim of legal prejudice is weaker, "[p]rejudice is presumed from unreasonable delay." In re Phenylpropanolamine Products Liab. Litig. ("In re PPA"), 460 F.3d 1217, 1238 (9th Cir. 2006) (citing In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994 ). Here, amendment, and the attendent delay, increases the risk of not just presumed but also actual prejudice. See In re PPA, 460 F.3d at 1238 (9th Cir. 2006) (citing Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) (unreasonable delay inherently increases the risk of prejudice from faded memories and stale evidence). This is a particularly relevant consideration in action that entirely revolves around a single incident that took place in 2009.[1]

All Defendants, but especially Defendant Mahoney, risk prejudice from permitting amendment.

### C.   Futility

The claims against Defendant Mahoney would be dismissed for exactly the same reasons as the Court dismissed the claims against Defendants Herrera, Hoeper, and Zaheer. Since the proposed Monell claim is based on the same theory, it fails for the same reason. It would clearly be futile to add the City and Defendant Mahoney as Defendants in this action.

The Court does not reach the question of whether the newly minted claims against Defendants Hanson, Oberstein and Almaraz would be futile, since the Court concludes that the other Rule 15 factors weigh sufficiently strongly against permitting amendment.[2]

### D.   Previous Amendment

"The district court's discretion to deny leave to amend is particularly broad where plaintiff

---

[1] The above-cited authority was discussing the "prejudice" factor in the context of a Rule 41(b) dismissal rather than a motion to amend under Rule 15, but this Court finds the rationale applicable.

[2] It does appear, however, that at least Plaintiff's proposal to bring a Bane Act claim against a federal employee fails as a matter of law. See United States v. Smith, 499 U.S. 160, 165 (1991).

has previously amended the complaint." Allen, 911 F.2d at 373 (quoting Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)).

In considering this fifth factor, the Ninth Circuit has noted that "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 739 (9th Cir. 2013) (citing Royal Insurance Company of America v. Southwest Marine, 194 F.3d 1009, 1116-17 (9th Cir. 1999).

The Court already granted Plaintiff leave to amend his complaint after the first one was found deficient. Plaintiff never sought leave to assert the new theories in his proposed amended complaint at any previous point during the three-year history of this case. All of the facts and theories Plaintiff now seeks to assert are, or should have been, known to Plaintiff since the inception of the cause of action. Having previously granted leave to amend, the Court exercises its broad discretion to decline to do so again.

## IV.   CONCLUSION

After consideration of the relevant factors, Plaintiff's motion is DENIED.[3]

**IT IS SO ORDERED.**

Dated: April 25, 2014

_____
JON S. TIGAR
United States District Judge

---

[3] Plaintiff unclearly suggests that he also be granted some other leave to file some other claims in addition to those in the proposed second amended complaint. Insofar as this constitutes an actual request for relief from this Court, it is also denied.

5