1
2
3
4
UNITED STATES DISTRICT COURT

5
NORTHERN DISTRICT OF CALIFORNIA

6

7
GREGORY M. HAYNES,

Plaintiff,

Case No.  11-cv-05021-JST

8

9
v.

**ORDER DENYING MOTION TO AMEND**

10
CHRISTIAN HANSON, et al.,

Defendants.

Re: ECF No. 101

11

12
## I.      INTRODUCTION

13
    Plaintiff Gregory M. Haynes ("Plaintiff") has moved pursuant to Rule 15 of the Federal

14
Rules of Civil Procedure to file a second amended complaint in this action.

15
## II.     BACKGROUND

16
### A.      Factual and Procedural History

17
    This action involves an altercation in a hallway that allegedly occurred in October 2009.

18
Plaintiff filed the initial complaint in this Court on October 11, 2011.  ECF No. 1.

19
    On April 4, 2013, the Court granted Defendants' motion to dismiss.  ECF No. 55.  The

20
Court dismissed with prejudice all claims against the properly named San Francisco municipal

21
government defendants (Dennis Herrera, Joanne Hoeper, and Daniel Zaheer), finding that all

22
asserted claims were barred by *res judicata*.  In that order, the Court pointed out that it was not

23
considering the claims Plaintiff asserted against Defendant "Daniel Murphy," who had not joined

24
the motion to dismiss since he was not properly named.  Id., n.1.  The Court entered separate

25
judgment against the municipal defendants, and the Court's dismissal of those claims is currently

26
on appeal before the Ninth Circuit.  ECF Nos. 57, 61 & 73.

27
    The Court also dismissed claims against the other defendants without prejudice, and gave

28
Plaintiff leave to file a first amended complaint ("FAC").  Plaintiff filed the FAC in May 2013.

United States District Court
Northern District of California

1   ECF No. 56.  The Court denied the remaining defendants' motion to dismiss.  ECF No. 85.

2         In November 2013, the parties filed a joint case management statement in which Plaintiff

3   stated that he "intends to amend (or seek leave to amend) the first amended complaint."  ECF No.

4   97.

5         On February 11, 2014, the Court issued a scheduling order.  ECF No. 98.  The Court noted

6   that Plaintiff had failed to file any motion to amend in the intervening three months, and set

7   February 28 as the deadline for any motions to amend the pleadings.

8         Plaintiff filed the instant motion to amend on February 28.

9   **B.     Legal Standard**

10         Federal Rule of Civil Procedure 15 provides that courts should "freely give leave [to

11   amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).   This "policy is 'to be applied with

12   extreme liberality.'"  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003)

13   (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001)).

14         "A court must "consider '(1) bad faith, (2) undue delay, (3) prejudice to the opposing

15   party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint.'"

16   Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation, N. Dakota & S. Dakota v.

17   United States, 90 F.3d 351, 355 (9th Cir. 1996) (quoting Allen v. City of Beverly Hills, 911 F.2d

18   367, 373 (9th Cir. 1990)).  "[C]onsideration of prejudice to the opposing party . . . carries the

19   greatest weight."  Eminence Capital, 316 F.3d at 1052.  "Absent prejudice, or a strong showing of

20   any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of

21   granting leave to amend."  Id.

22   **III.     ANALYSIS**

23         Plaintiff moves to amend the complaint to name the actual SFPD lieutenant he says he

24   intended to sue, Daniel Mahoney, to add the City and County of San Francisco ("the City") as a

25   defendant against a newly minted Monell claim, and to bring new claims against federal

26   government defendants Christian Hanson, Moseh Oberstein and Manuel Almaraz.

27         Notwithstanding the extreme liberality with which courts must apply Rule 15, here nearly

28   all of the relevant factors weigh strongly against granting leave to amend.

United States District Court
Northern District of California

1

**A.      Undue Delay**

2      With regard to Defendant Mahoney, Plaintiff brings this motion more than a year after he

3   knew that he had named the wrong defendant, and he offers no explanation for the delay.  Had he

4   not been prompted by the Court, it is not clear he would ever have sought to correct the error.

5   Plaintiff's delay is clearly unreasonable.

6      As for the new claims against the City and against Defendants Hanson, Oberstein and

7   Almaraz, "[i]n evaluating undue delay, we also inquire 'whether the moving party knew or should

8   have known the facts and theories raised by the amendment in the original pleading.'"

9   AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 953 (9th Cir. 2006) (quoting

10   Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990)).  The Ninth Circuit "[has] held

11   that an eight month delay between the time of obtaining a relevant fact and seeking a leave to

12   amend is unreasonable." AmericasourceBergen Corp., 465 F.3d at 953 (citing Texaco, Inc. v.

13   Ponsoldt, 939 F.2d 794, 799 (9th Cir.1991)).

14      This action challenging a 2009 incident has been pending in federal court for two and a

15   half years.  Most of the delay is due to Plaintiff's failure to serve the parties in this action.  See,

16   e.g., ECF Nos. 16, 20, 24 & 79.  All of the actions Plaintiff seeks to challenge in his proposed

17   second amended complaint arise from the same 2009 incident.  Plaintiff does not even attempt to

18   justify the amendments as being prompted by newly discovered facts.  His amendment is merely a

19   request to add new legal theories and causes of action stemming from the same challenged action,

20   two and a half years after he began this litigation.  The delay is particularly inexcusable since

21   Plaintiff, who is representing himself *in propia persona*, is an attorney experienced in bringing

22   these types of actions.

23      Plaintiff has unduly delayed in bringing this motion, and allowing amendment at this stage

24   of the litigation would unduly delay resolution of this case.

25

**B.      Prejudice**

26      Since the dismissal of the claims against the other municipal defendants is currently being

27   appealed, adding Defendant Mahoney to this action at this stage poses a risk of prejudice from

28   inconsistent rulings.  Plaintiff waited to bring this motion to add Defendant Mahoney until long

United States District Court
Northern District of California

3

1    after the Court had issued judgment in favor of Defendants Herrera, Hoeper and Zaheer.  The fact

2    that Plaintiff erred in naming Defendant Mahoney, and took no action to correct that error for

3    almost a year, should not require the parties and the courts to simultaneously litigate the exact

4    same *res judicata* issue in two separate forums in the same case.

5         As for the other defendants, while their claim of legal prejudice is weaker, "[p]rejudice is

6    presumed from unreasonable delay."  In re Phenylpropanolamine Products Liab. Litig. ("In re

7    PPA"), 460 F.3d 1217, 1238 (9th Cir. 2006) (citing In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir.

8    1994)).  Here, amendment, and the attendent delay, increases the risk of not just presumed but also

9    actual prejudice.  See In re PPA, 460 F.3d at 1238 (9th Cir. 2006) (citing Pagtalunan v. Galaza,

10   291 F.3d 639, 643 (9th Cir. 2002) (unreasonable delay inherently increases the risk of prejudice

11   from faded memories and stale evidence)).  This is a particularly relevant consideration in an

12   action that entirely revolves around a single incident that took place in 2009.[1]

13        All Defendants, but especially Defendant Mahoney, risk prejudice from permitting

14   amendment.

15        **C.    Futility**

16        The claims against Defendant Mahoney would be dismissed for exactly the same reasons

17   as the Court dismissed the claims against Defendants Herrera, Hoeper, and Zaheer.  Since the

18   proposed Monell claim is based on the same theory, it fails for the same reason.  It would clearly

19   be futile to add the City and Defendant Mahoney as Defendants in this action.

20        The Court does not reach the question of whether the newly minted claims against

21   Defendants Hanson, Oberstein and Almaraz would be futile, since the Court concludes that the

22   other Rule 15 factors weigh sufficiently strongly against permitting amendment.[2]

23        **D.    Previous Amendment**

24        "The district court's discretion to deny leave to amend is particularly broad where plaintiff

25

26   _____

     [1] The above-cited authority was discussing the "prejudice" factor in the context of a Rule 41(b)

27   dismissal rather than a motion to amend under Rule 15, but this Court finds the rationale
     applicable.

28   [2] It does appear, however, that at least Plaintiff's proposal to bring a Bane Act claim against a
     federal employee fails as a matter of law.  See United States v. Smith, 499 U.S. 160, 165 (1991).

United States District Court
Northern District of California

1    has previously amended the complaint." Allen, 911 F.2d at 373 (quoting Ascon Properties, Inc. v.

2    Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)).

3           In considering this fifth factor, the Ninth Circuit has noted that "[l]ate amendments to

4    assert new theories are not reviewed favorably when the facts and the theory have been known to

5    the party seeking amendment since the inception of the cause of action." In re W. States

6    Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 739 (9th Cir. 2013) (citing Royal Insurance

7    Company of America v. Southwest Marine, 194 F.3d 1009, 1116-17 (9th Cir. 1999)).

8           The Court already granted Plaintiff leave to amend his complaint after the first one was

9    found deficient.  Plaintiff never sought leave to assert the new theories in his proposed amended

10   complaint at any previous point during the two-and-a-half-year history of this case.  All of the

11   facts and theories Plaintiff now seeks to assert are, or should have been, known to Plaintiff since

12   the inception of the cause of action.  Having previously granted leave to amend, the Court

13   exercises its broad discretion to decline to do so again.

14   **IV.   CONCLUSION**

15          After consideration of the relevant factors, Plaintiff's motion is DENIED.[3]

16          **IT IS SO ORDERED.**

17   Dated:  April 25, 2014

18
                                                _____
19                                              JON S. TIGAR
                                                United States District Judge
20

21

22

23

24

25

26

---

27   [3] Plaintiff unclearly suggests that he also be granted some other leave to file some other claims in
     addition to those in the proposed second amended complaint.  Insofar as this constitutes an actual
28   request for relief from this Court, it is also denied.

United States District Court
Northern District of California