UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY M. HAYNES,

　　　　　　Plaintiff,

　　v.

CHRISTIAN HANSON, et al.,

　　　　　　Defendants.

Case No.  11-cv-05021-JST

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Re: ECF No. 116

Before the Court is a motion for summary judgment filed by Christian Hanson and Moshe Oberstein ("Moving Defendants").  ECF No. 116.

I.　　**BACKGROUND**

　　A.　　**Factual History**

For the purposes of this motion for summary judgment, the court assumes the following facts, pursuant to the allegations of Plaintiff's First Amended Complaint, ECF No. 56 ("FAC"), Plaintiff's opposition to this motion, ECF No. 126, and the facts stated in Plaintiff's Declaration filed in connection with his opposition, ECF No. 127 ("Haynes Decl."):

Plaintiff Gregory M. Haynes was an attorney who represented individuals bringing a civil rights action against the City of San Francisco ("the City") and certain municipal officials in 2008 and 2009.  Landry v. City and County of San Francisco, No. 08-3791 SC, 2010 WL 1461592 (N.D. Cal. Apr. 4, 2010).  On October 8, 2009, Plaintiff appeared before Magistrate Judge Marie-Elena James at a hearing to show cause why he should not be sanctioned for failing to comply with court orders and discovery requests in that case.  ECF Nos. 61, 70-71.

Following the hearing, Daniel Zaheer, an attorney representing the City, informed Judge James' courtroom deputy Brenda Tolbert that Plaintiff had assaulted him in the hallway outside of the courtroom.  FAC at 2.  Plaintiff alleges this report was false.  Id.  Tolbert called the United

States Marshals Service.  ECF No. 85 at 2.   Hanson and Oberstein, who are both U.S. Marshals, responded to the scene.  ECF No. 85 at 2.  Hanson and Oberstein detained Plaintiff in order to take a statement regarding the alleged assault.  Haynes Decl. at ¶ 3.  Plaintiff initially refused to provide a statement to them.  Id. at ¶ 4.

At 10:52, Federal Protective Services officers ("FPS officers") arrived at the scene.  ECF No. 126 at 4.  Hanson and Oberstein remained on the scene while FPS Officers questioned Zaheer and Haynes.  Id.  At 11:00, Haynes agreed to give a statement to the FPS officers.  Id.  At 11:20, Haynes was released from custody.  Id.

### B.      Procedural History

In October 2011, Mr. Haynes filed an initial complaint, naming Hanson and Oberstein, as well as a number of defendants not relevant for the purposes of this motion.  ECF No. 1 at 1.  Hanson and Oberstein filed a motion to dismiss, ECF No. 29, which the Court granted without prejudice.  ECF No. 55.  The Court found that the initial detention had been "supported by a reasonable belief that [Haynes] had engaged in criminal conduct," in light of the report made by Tolbert that Plaintiff had committed an assault.  Id. at 10 (quoting Terry v. Ohio, 392 U.S. 1, 20-22 (1968)).

Plaintiff then filed a First Amended Complaint on May 6, 2013.  ECF No. 56.  Hanson and Oberstein again brought a motion to dismiss.  ECF No. 58.  Although Plaintiff re-asserted many of the same facts from his prior complaint regarding the initiation of the detention, he additionally alleged that the stop had lasted for an unreasonable period of time.  The Court denied Hanson and Oberstein's motion to dismiss, as Plaintiff's claim that "it was immediately clear to the Moving Defendants that no crime or violation had occurred, but they continued to detain Plaintiff for more than thirty minutes anyway," if true, would support a claim for unreasonable detention.  ECF No. 85 at 5-6.

Hanson and Oberstein then filed this motion for summary judgment.

### C.      Jurisdiction

As Plaintiff's cause of action arises under the United States Constitution, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II.     LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). A dispute is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, and material only if the disputed fact might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). The court must draw all reasonable inferences in the light most favorable to the non-moving party. Johnson v. Rancho Santiago Cmt. Coll. Dist., 623 F.3d 1011, 1018 (9th Cir. 2010). However, unsupported conjecture or conclusory statements do not create a genuine dispute as to material fact and will not defeat summary judgment. Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1103 (9th Cir. 2008).

## III.     DISCUSSION

Although the Court has already found that Hanson and Oberstein's initial decision to detain Plaintiff was reasonable, Plaintiff now claims that the stop lasted for an unreasonable duration and that Hanson and Oberstein continued to hold him after it was clear that no crime had been committed. The Supreme Court has established "no rigid time limitation" on detentions. United States v. Sharpe, 470 U.S. 675, 685 (1985); see also United States v. Place, 462 U.S. 696, 709 (1983) ("we decline to adopt any outside time limitation for a permissible *Terry* stop"). "[A]n investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop. Similarly, the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time." Florida v. Royer, 460 U.S. 491, 500 (1983).

When evaluating whether the duration of a stop was permissible, courts "consider the law enforcement purposes to be served by the stop as well as the time reasonably needed to effectuate those purposes." Sharpe, 470 U.S. at 685. Reasonableness is defined in reference to the conduct of the investigating officers during the course of the stop, including "whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant." Id. at 686.

United States District Court
Northern District of California

United States District Court
Northern District of California

Plaintiff alleges that during the course of his detention, Hanson and Oberstein failed to diligently investigate the alleged assault and could have taken his statement earlier.  ECF No. 127 at 6 ("the statement could have been taken at 10:30").  But Plaintiff's own facts belie these claims.  According to Plaintiff, Hanson and Oberstein told Plaintiff at the initiation of his detention that he was being detained "so statements could be taken" regarding the alleged assault.  Haynes Decl. at ¶ 3.  And Plaintiff's own declaration establishes that he initially *refused* to provide them with any statement.  Id. ¶ 4.  ("Earlier I had indicated that I did not want to make a statement").  Plaintiff also admits to being combative toward Hanson and Oberstein as they attempted to question him regarding the reported assault, telling them "this is bullshit."  Id. at ¶ 6.

Unable to obtain a statement from Plaintiff, Hanson and Oberstein investigated the alleged assault through other means.  They questioned Zaheer regarding the incident and took a statement from him.  Id. at ¶ 3.  They asked Plaintiff for his personal identification.  Id. at ¶ 6.  At 11:00, Haynes finally agreed to give a statement to the FPS officers, ECF No. 126 at 4, and he was released twenty minutes later.  Id.  After his detention began at 10:32, Plaintiff was detained a total of 48 minutes.[1]  The Court concludes as a matter of law that defendants were diligent and that Haynes' detention "lasted no longer than [was] necessary to effectuate the purpose of the stop," Royer, 460 U.S. at 500.

Plaintiff complains that Hanson and Oberstein failed to ask Zaheer the particular follow up questions that he requested they ask, as he claims Zaheer's answers would have shown that there had been no assault.  Id. at ¶ 3.  But the Fourth Amendment does not provide detained individuals with a right to micromanage the investigation into whether they have committed a crime.  So long as the officers "diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly" and the detention did not last longer than necessary, then Plaintiff's rights were not violated.  Sharpe, 470 U.S. at 686.

Plaintiff also claims that video footage of the incident would have shown that he did not

_____

[1] Although Plaintiff does not allege Hanson and Oberstein took any action to restrain his movement following the arrival of the FPS Officers at 10:52, for the purposes of resolving this motion, the Court will assume that their ongoing presence on the scene played a role in Plaintiff's continued detention.

assault Zaheer.  Haynes Decl. at ¶ 4.  But, as the first officers to arrive on the scene, Hanson and Oberstein could not have left the two parties to an alleged assault alone together in the hallway while they departed to consult video footage.  In addition to investigating whether an assault had occurred, one of "the law enforcement purposes to be served by the stop," <u>Sharpe</u>, 470 U.S. at 685, was to defuse a confrontation that these officers believed had occurred in the hallway of a federal courthouse immediately prior to their arrival.  Hanson and Oberstein had responded to a report by an officer of the court that Plaintiff had committed an assault.  FAC at 2.  Plaintiff's declaration establishes that he directed obscenities at several officers while they attempted to elicit information from him regarding this alleged assault.  Haynes Decl. at ¶ 6, 12.  Even construed in the light most favorable to Plaintiff, his behavior gave Hanson and Oberstein good cause to believe that a physical confrontation between Plaintiff and Zaheer had occurred prior to their arrival and that detention was an appropriate means of ensuring that the already-tense situation did not escalate further.

Considering the totality of the circumstances that Hanson and Oberstein confronted in conducting an investigation into whether Plaintiff had assaulted Zaheer, the detention did not last longer than the "time reasonably needed to effectuate" the purposes of the stop.  The stop lasted 48 minutes; during the first 28 of those, Haynes refused to give a statement, and Hanson and Oberstein diligently gathered information from other sources.  Hanson and Oberstein had arrived based on credible information that Plaintiff had assaulted another attorney, and their 48-minute investigation allowed them to conclude that Plaintiff could be released without arrest.

The Court thus does not find that any genuine dispute exists as to the diligence of the investigation Hanson and Oberstein conducted during the course of Plaintiff's detention, or the duration of Plaintiff's detention.

/ / /

/ / /

/ / /

/ / /

/ / /

**IV.     CONCLUSION**

For the foregoing reasons, Hanson and Oberstein's motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Dated:  October 6, 2014

_____
JON S. TIGAR
United States District Judge