UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY M. HAYNES,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTIAN HANSON, et al.,<br><br>    Defendants. | Case No. 11-cv-05021-JST<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)** |

This complaint in this civil rights case was filed on October 11, 2011. Among the defendants named in the complaint was "Doe" Almaraz.[1] ECF No. 1. On May 6, 2013, Plaintiff filed a First Amended Complaint naming Manuel Almaraz and Daniel Mahoney. ECF No. 56. As of today's date, however, both Almaraz and Mahoney remain unserved. Federal Rule of Civil Procedure 4(m) instructs that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." 520 days have elapsed since the filing of the First Amended Complaint.

There is some history of Plaintiff attempting to serve defendant Almaraz. On March 3, 2013, the Court received a proof of service indicating that the summons was served upon a "'Doe' Almarz" at 3455 Santa Rosa Avenue #72 in Santa Rosa, CA. ECF No. 49. It was to that event that this Court was referring when it directed the Clerk of the Court to mail a copy of a prior order "to Mr. Almaraz at the address at which he was *apparently* served with this lawsuit in February." ECF No. 74 at 1 (emphasis added). But the Court has never thoroughly addressed the issue, and

---

[1] In the initial complaint, Almaraz was variously identified as "Almarz" and "Almaraz." ECF No. 1 at 1.

1  now determines that there is insufficient evidence in the record to conclude that Almaraz was ever
2  served. Several facts support this conclusion.

3  First, the proof of service itself does not correctly give Almaraz's name: his last name is
4  misspelled, and his first name is given only as "Doe." The Court concludes that either the process
5  server did not know who he was looking for, he failed to establish the identity of the person he
6  served, or both. The Court has no confidence that the process server gave anything to anyone
7  named Manuel Almaraz.

8  Second, after Plaintiff filed this suit, the United States Attorney's office initially brought
9  motions on behalf of all U.S. Marshal Defendants, including Almaraz. See, e.g., ECF No. 58. But
10 on July 10, 2014, the United States Attorney's Office informed the Court that it had never
11 "received written authorization from Defendant Almaraz to represent him in this action." ECF
12 No. 72, at 2:6-9. The Court subsequently held a hearing on July 26, 2014, to ascertain Almaraz's
13 participation in this lawsuit. ECF Nos. 74, 78. Notice of the hearing was sent to the same address
14 given in the proof of service for "Doe Almarz." ECF No. 76. Almaraz did not appear at the
15 hearing. ECF No. 78. U.S. Attorney Jonathan Lee informed the Court that, although he had not
16 spoken with Almaraz, he had spoken with his family by telephone. Id. The family informed Lee
17 that they did not have regular contact with Almaraz and did not know if the Santa Rosa address at
18 which "'Doe' Almarz" had been served was in fact defendant Almaraz's address. Id. Because
19 Almaraz had not consented to representation by the U.S. Attorney's Office, the Court issued an
20 order construing all motions brought by the U.S. Attorney "to be brought only on behalf of
21 defendants other than Manuel Almaraz." ECF No. 80.

22 Finally, defendant Almaraz has never appeared in the case.

23 As to Defendant Mahoney, the analysis is less complicated, because there is no evidence in
24 the docket that he has ever been served.

25 Accordingly, good cause appearing, Plaintiff is now ORDERED TO SHOW CAUSE why
26 this action should not be dismissed as to defendants Almaraz and Mahoney pursuant to Federal
27 / / /
28 / / /

Rule of Civil Procedure 4(m). Plaintiff shall file a written response to this order by October 22, 2014. If Plaintiff fails to file a response, the action will be dismissed as to those defendants.

**IT IS SO ORDERED.**

Dated: October 8, 2014

_____
JON S. TIGAR
United States District Judge