UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY M. HAYNES,<br><br>  Plaintiff,<br><br>  v.<br><br>CHRISTIAN HANSON, et al.,<br><br>  Defendants. | Case No. 11-cv-05021-JST<br><br>**ORDER 1) FINDING THAT DANIEL MAHONEY IS NOT A DEFENDANT AND 2) DISMISSING CLAIMS AGAINST MANUEL ALMARAZ PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(M)**<br><br>Re: ECF No. 136 |

This case was filed on October 11, 2011. The Court previously issued an order to show cause why Daniel Mahoney and Manuel Almaraz should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m), ECF No. 136, which instructs that instructs that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff Gregory Haynes has submitted a response to the Court's order to show cause. ECF No. 137.

**I.    Daniel Mahoney is Not a Defendant In this Action**

The initial complaint in this matter named a "Daniel Murphy," but did not name Daniel Mahoney. ECF No. 1. Plaintiff subsequently sought to bring a claim against Daniel Mahoney in his first amended complaint, referring to him as "Defendant Daniel Mahoney, previously sued as Daniel Murphy." ECF No. 56. The Court struck the allegations against Daniel Mahoney, finding that Plaintiff had failed to acquire "the opposing party's written consent or the court's leave" prior to adding Mahoney to his complaint. ECF No. 85 at 8. Plaintiff subsequently filed a motion for leave to amend his complaint "to change the name defendant Daniel Murphy his correct name,

1  Daniel Mahoney." ECF No. 101 at 2. The Court denied Plaintiff's motion to amend the
2  complaint to add Mahoney, concluding that Plaintiff had not presented a basis for the delay, that
3  Mahoney would be prejudiced, and that amendment would be futile. ECF No. 114. Therefore,
4  Mahoney is not a party to this action, as the claims against him have been stricken from the
5  operative complaint and the Court has denied Plaintiff's motion for leave to amend the complaint
6  to add claims against him.[1]

**II.   Manuel Almaraz Has Not Been Served**

The Court's order to show cause recounted the history of Plaintiff's attempts to serve Almaraz. See ECF No. 136. Plaintiff, in response to the order to show cause, claims that the Court should conclude that service on Almaraz was effective because the summons was delivered to the same address at which Plaintiff delivered a subpoena to Almaraz in another litigation. See ECF No. 138-1 at 1. But Almaraz did not respond to the subpoena in that litigation. See In re: Haynes, 10-cv-04642-DLJ-RMW-EJD, ECF No. 105 at 214. Therefore, Plaintiff's other attempt to serve Almaraz at this address does not lend any further support to his claim that Almaraz lives at this address. Furthermore, as recounted in this Court's prior order, the Proof of Service in this litigation did not correctly name Defendant Manuel Almaraz, but instead named "'Doe' Almarz." ECF No. 138-1 at 2.

Because the record does not establish that Almaraz resides at the address at which the summons was delivered, the summons misspelled the name of Almaraz and gave his first name as "Doe," and Almaraz has not appeared in this litigation, the Court concludes that service was not effective as to Manuel Almaraz. Plaintiff has not attempted to show, and has not shown, good

///
///
///
///

---

[1] "Daniel Murphy" has been terminated as a party in this action, as Plaintiff has admitted that all references to a "Daniel Murphy" in the initial complaint were intended as references to Daniel Mahoney.

cause for his failure to serve Almaraz. The Court accordingly dismisses the action as to defendant Almaraz without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED.**

Dated: February 2, 2015



_____
JON S. TIGAR
United States District Judge